**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

EDDY JOSE SAENZ MARTINEZ,

Petitioner,

v.

LUIS SOTO, *et al.*,

Respondents.

Civil Action No. 26-2389 (MAS)

**MEMORANDUM OPINION**

This matter comes before the Court upon Petitioner's motion challenging the outcome of his bond hearing. (ECF No. 9.) The Government filed opposition to the motion (ECF No. 10), to which Petitioner replied (ECF Nos. 11, 13). For the following reasons, Petitioner's motion is denied and this matter shall be closed.

By way of background, in his habeas petition, Petitioner argued that he was improperly being detained without bond pursuant to the Government's interpretation of 8 U.S.C. § 1225(b)(2). (ECF No. 1.) Following briefing, this Court agreed, granted Petitioner's habeas petition, and ordered that the Government provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a). (ECF No. 7.) That bond hearing was held on April 7, 2026. (ECF No. 9-1.)

At his bond hearing, Petitioner submitted a lengthy document in support of his request for bond. (ECF No. 13-2 at 5.) The immigration judge considered that filing on the record, and detailed the various documents Petitioner submitted. (*Id.* at 5-6.) After doing so, the immigration judge provided Petitioner's counsel with an opportunity to present argument at length on Petitioner's behalf. (*Id.* at 8-12.) Following the Government's opposition argument, Petitioner's counsel was also briefly permitted to rebut those arguments. (*Id.* at 13-14.)

Following these arguments, the immigration judge issued his decision. In issuing the decision, the immigration judge found that Petitioner was not a danger in light of his lack of a criminal history and family situation. (*Id.* at 14.) The judge, however, found that Petitioner was a flight risk in light of his removal order and the immigration judge's view of Petitioner's prospects on the merits of his appeal of the removal order. (*Id.*) The immigration judge found this conclusion further supported in light of Petitioner's lack of strong employment or income history, lack of filed taxes, and lack of a clear fixed address. (*Id.* at 15.) Thus, based on the record before him, the immigration judge concluded that Petitioner failed to establish that he was not a flight risk, and denied bond. (*Id.*)

In his motion, Petitioner argues that his bond hearing was improper for a number of reasons. Petitioner's bond hearing was held pursuant to 8 U.S.C. § 1226(a), under which the Government may detain aliens, but must accord them with a bond hearing at which the petitioner, and not the Government, bears the burden of demonstrating that the petitioner is neither a flight risk nor a danger to the community. *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018). Once a detained alien receives such a hearing and is denied bond, "[n]o court may set aside" the immigration judge's decision as to "the denial of bond." 8 U.S.C. § 1226(e). That a petitioner disagrees with how the immigration judge weighed the evidence serves as no basis for relief, and this Court has no jurisdiction to second-guess the immigration judge's decisions. 8 U.S.C. § 1226(e). Instead, the Court may only review bond hearings under the statute for fundamental fairness. *See, e.g.*, *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). An alien receives a fundamentally fair bond hearing when the bond hearing provides "factfinding based on a record produced before the decisionmaker and [which is] disclosed to him or her," an opportunity to "make arguments on his . . . own behalf," and the "right to an individualized determination of his . . . interests." *Id.*

Petitioner first argues that the immigration judge was biased and hostile to the holding of a bond hearing. Although the immigration judge did briefly discuss the background of Petitioner's habeas petition and expressed some doubts about the arguments the Government decided to present in this habeas matter, the immigration judge's statements are not clearly indicative of any hostility or bias against Petitioner. In addition, the immigration judge ultimately made it clear that he would provide a bond hearing in accordance with this Court's Order, regardless of whether his views of the situation may have been different than that of the Government or this Court. The immigration judge's comments, while unnecessary, do not establish hostility or bias sufficient to show that Petitioner's bond hearing was in any way unfair, especially in light of the consideration and evaluation of the evidence provided in the immigration judge's oral decision.

Petitioner next argues that the immigration judge applied the wrong standard of proof at the bond hearing by requiring that Petitioner bear the burden at his bond hearing. Petitioner, however, is mistaken. In a bond hearing held pursuant to § 1226(a) such as the one this Court ordered, the burden of demonstrating that the alien is not a flight risk or danger remains on the alien at all times. *Borbot*, 906 F.3d at 278-79. Indeed, the Court of Appeals explicitly rejected the sort of burden flipping Petitioner now espouses in the § 1226(a) context in *Borbot*. That Petitioner was required to bear the burden at his bond hearing is thus no basis for relief.

In his remaining arguments, Petitioner essentially disagrees with the immigration judge's decision and weighing of the evidence. This Court, however, has no jurisdiction to second guess the immigration judge's decision or view of the evidence so long as Petitioner's bond hearing was fundamentally fair. *Ghanem*, 2022 WL 574624, at *2. As Petitioner was permitted at his bond hearing to present evidence and arguments on his own behalf, and the immigration judge weighed that evidence and provided an individualized determination of Petitioner's danger and flight risk on a record that was disclosed to Petitioner at his bond hearing, Petitioner's bond hearing met all

of the requirements of a fundamentally fair bond hearing set forth in *Ghanem*. Petitioner's bond hearing was thus fundamentally fair, and Petitioner's disagreement with the immigration judge's view of the evidence serves as no basis for this Court to interfere with the immigration judge's determination. *Id.*

Finally, in more recent correspondence, Petitioner argues that because his removal order is set to be reopened and further litigated, he should be released based on changed circumstances. (ECF No. 13.) That argument fundamentally misunderstands that 8 U.S.C. § 1226(a) applies to aliens specifically in this situation – those who are not currently subject to an administratively final order of removal and are faced with further removal proceedings. Because Petitioner falls into that category, he remains subject to § 1226(a) as this Court previously determined. To the extent Petitioner believes that his situation has sufficiently changed, he is free to raise that issue to the immigration judge assigned to his removal proceedings through the filing of a bond redetermination request.[1]

Petitioner has shown no defect in the bond hearing he received, and as such, his motion (ECF No. 9) must be **DENIED**. An appropriate order follows.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[1] This Court's prior Order already established that Petitioner is subject to detention under 8 U.S.C. § 1226(a). Petitioner is therefore free to seek a bond redetermination before the immigration judge at any time prior to the entry of an administratively final order of removal. *See, e.g.*, *Borbot*, 906 F.3d at 280 n.6 (noting § 1226(a) detainees may seek redetermination based on changed circumstances before the immigration judge).